UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Charles Krug,   #15503-075, | ) | C/A No. 3:11-2323-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| | ) | |
| John R. Owen, | ) | |
| | ) | |
| Respondent. | ) | |

Gregory Charles Krug ("Petitioner"), a pro se federal prisoner, brings this action seeking habeas relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions and submit findings and recommendations to the district court. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice and without issuance and service of process.

**I.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by

attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

**II.     Discussion**

Petitioner, an inmate at FCI Williamsburg, seeks relief from convictions in the United States District Court for the Middle District of Tennessee, Nashville Division. On June 15, 1999, Petitioner was found guilty of firearm offenses. Petitioner was sentenced, on November 4, 1999, to two concurrent ten year sentences and one concurrent five year sentence. Petitioner must also serve three years of supervised release.

Petitioner filed a direct appeal and his convictions were affirmed by the Sixth Circuit Court of Appeals on August 30, 2001. *See U.S. v. Krug*, 20 Fed. Appx. 271 (6th Cir. 2001). Petitioner further appealed his conviction to the United States Supreme Court, which denied *certiorari* on June 3, 2002. *See Krug v. U.S.*, 535 U.S. 1119 (2002). Petitioner did not file a motion with the sentencing court for relief under 28 U.S.C. § 2255. The instant Petition alleges that numerous "judicial errors" were made during Petitioner's trial. ECF No. 1, page 11. Petitioner also complains of "perjured testimony." *Id.* Petitioner appears to blame his failure to timely file a § 2255 motion in the sentencing court, or an earlier § 2241 habeas petition, on the Sixth Circuit Court of Appeals' and Unites States Supreme Court's refusal to grant Petitioner relief on direct appeal. *Id.* at 12-14.

Petitioner asks this Court to immediately set aside his 1999 convictions and terminate his supervised relief. *Id.* at 14.

It is noted that, while Petitioner is currently incarcerated at FCI Williamsburg, he mentions release from the Bureau of Prisons' custody in June of 2007. *Id.*[1] An individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986); *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238. Moreover, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person would be properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990); *see also Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987)(habeas petition filed after individual unconditional release from prison properly denied by district court). If Petitioner has fully served his sentence for the 1999 convictions, the instant Petition would be subject to summary dismissal. However, as it is possible that Petitioner is still on supervised release for the 1999 convictions, or has been re-incarcerated for violating the terms thereof, it is presumed that Petitioner is still "in custody" for purposes of 28 U.S.C. § 2241.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).

---

[1] Petitioner also indicates that he is awaiting trial on criminal charges pending in the United States District Court for the Central District of California, Western Division. ECF No. 1 at 3.

"However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The Petitioner has failed to make such a showing. Petitioner states that he has never filed a § 2255 action in the sentencing court, and he would now be procedurally barred from doing so. However, Petitioner's failure to timely file a § 2255 motion does not allow him to bypass the "gatekeeping" provisions of § 2255 and challenge his convictions pursuant to § 2241. *In re Vial*, 115 F.3d at 1194 n.5.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

In the present § 2241 action, Petitioner raises issues associated with his convictions. Specifically, judicial errors and perjured testimony. However, Petitioner provides no factual information to demonstrate that the conduct, for which he was convicted, has been deemed non-criminal by any substantive law change since his direct appeal. As Petitioner's claim is insufficient to invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241.

**III. Conclusion**

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

IT IS SO RECOMMENDED.

September 22, 2011                                      Joseph R. McCrorey
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).