IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gregory Charles Krug, | ) | C/A NO. 3:11-2323-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| John R. Owen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On September 22, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without requiring a response from Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on October 13, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice.

Petitioner's conclusory objections fail to address the infirmities of the petition. Presuming that Petitioner is "in custody" for purposes of federal habeas relief, Petitioner's claims are insufficient to trigger the savings clause of § 2255(e).

The petition is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED**.

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 21, 2011