IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gregory Charles Krug, #15503-075, ) | C/A NO. 3:11-2323-CMC-JRM |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| John R. Owen, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on Petitioner's *pro se* motion for clarification and to proceed *in forma pauperis* (*ifp*) on appeal. ECF Nos. 13 & 15 (filed Nov. 1, 2011). Petitioner filed a Notice of Appeal to the Fourth Circuit Court of Appeals on November 1, 2011. Petitioner's motion to proceed *ifp* on appeal is **granted**.

Petitioner seeks clarification of what the court's "factual basis" was for the determination that Petitioner's claims contained in his § 2241 fail to trigger the savings clause of 28 U.S.C. § 2255. Mot. at 1 (ECF No. 13). However, as a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir.1988).

"This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." *United States v. Swint*, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Petitioner seeks clarification of the very issue he has appealed; namely, that his § 2241 petition cannot proceed in this court as the claims contained therein are insufficient to trigger the savings clause of § 2255. Therefore, the court finds it is without jurisdiction to address Petitioner's motion and it is, therefore, **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 8, 2011

2